[Civ. No. 50161. Second Dist., Div. Three. July 27, 1977.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
JOSEPH J. GABA, Respondents.

14

**COUNSEL**

James J. Vonk, George S. Bjornsen, Arthur Hershenson and Robert A. La Porta for Petitioner.

Greene & Diamond and Harold Greene for Respondents.

**OPINION**

**ALLPORT, J.**—On May 23, 1977, this court granted State Compensation Insurance Fund's petition for writ to review opinion and decision after reconsideration made by the Workers' Compensation Appeals Board on December 9, 1976, in the matter of Joseph J. Gaba, applicant v. City of Gardena; State Compensation Insurance Fund, Defendants, WCAB No. 74LB72540, whereby said board awarded Gaba, inter alia, a permanent disability award of 86 percent for a "moderate heart disability and necessity to avoid emotional stress and strain" without apportionment for a previous permanent disability award.

The matter came on for hearing before this court on July 20, 1977, as directed. We have determined, for reasons stated by our Supreme Court in *Mercier* v. *Workers' Comp. Appeals Bd.*, 16 Cal.3d 711 [129 Cal.Rptr. 161, 548 P.2d 361], that the opinion and decision after reconsideration must be annulled.

It appears that while employed as a police officer with the City of Gardena, Gaba sustained an industrial injury to his spine resulting in a permanent disability award of 50 percent dictating his retirement in

October 1970. In May of 1974 he developed symptoms of heart disease and in July of that year underwent a triple venous coronary bypass procedure. Following a determination by the workers' compensation judge that the heart disease was not industrial, the board granted reconsideration on March 19, 1976, and determined the heart condition to be in fact compensable. The matter was then presented to a rating specialist with instructions to rate for "moderate heart disability and necessity to avoid emotional stress and strain," and to "[c]onsider that prior to the above described disability the applicant had back disability limiting him to light work." Based upon these instructions the specialist rated the disability resulting from the heart condition at 86 percent without apportionment. In June of 1976 the rating specialist, apparently in response to the board's inquiry, reported as follows: "In reviewing your instructions, I noted that I was asked to 'consider' the prior back disability. I felt that this was not the same as asking me to subtract the prior disability. [¶] I make the distinction because I do not see any duplicating factors between the heart disability and the back disability. Putting it another way, I would feel that in light of the language that was used, i.e., the reference to moderate heart disability, that there is no overlap of disabilities in this particular case. [¶] If you feel that my interpretation is incorrect, I would suggest that you add to the last line of the instructions, 'resulting in overlapping disability' and convert the period after the word 'work' to a comma."

No further instructions were issued to the specialist and the controversial opinion and decision after reconsideration was made and filed.

As indicated above the applicable law is set forth in *Mercier* v. *Workers' Comp. Appeals Bd.,* 16 Cal.3d 711 [129 Cal.Rptr. 161, 548 P.2d 361], wherein the Supreme Court affirmed an award apportioning a policeman's 75 percent permanent disability resulting from an industrially related heart disability to a prior industrial back injury for which the employee had been awarded a 34.5 percent permanent disability. In so doing the court stated at pages 715-716:

"Here, the injuries arose out of separate industrial events. In such case, apportionment turns on whether the second injury decreases the employee's earning capacity or his ability to compete in the open labor market in the same manner as the first. The fact that the injuries occur to two different anatomical parts of the body while relevant, does not in itself preclude apportionment. . . .

"The question of overlapping disabilities is one of fact—not of logic. The basic purpose of workers' compensation is to compensate diminished ability to compete in the labor market (Lab. Code, § 4660, subd. (a)) rather than to compensate every injury. Proper computation of overlapping disabilities—either partial or total—calls for determining the percentage of combined disability and then subtracting the percentage of disability due to the prior injury. (*Dow Chemical Co. v. Workmen's Comp. App. Bd.* (1967) 67 Cal.2d 483, 492 [62 Cal.Rptr. 757, 432 P.2d 365]; *State Compensation Ins. Fund v. Industrial Acc. Com. (Hutchinson)*, supra, 59 Cal.2d 45, 53 [27 Cal.Rptr. 702, 377 P.2d 902]; *Subsequent Injuries Fund v. Workmen's Comp. Appeals Bd. (Royster)* (1974) 40 Cal.App.3d 403, 409-410 [115 Cal.Rptr. 204].) When all factors of disability attributable to the first injury are included in the factors attributable to the second, there is total overlap. We must conclude the rating properly was based on the combined injury. It is clear in this case that the injuries overlapped, and petitioner has failed to show that any disability factor in the first injury was not included in the instructions to the rating specialist." (Fn. omitted.)

In the instant case it is clear that reconsideration was granted, not only because the board determined the heart condition to be compensable but in order "to evaluate the permanent disability resulting from the cumulative injury. . . ." It is not clear that the factual issue of overlapping disabilities was in fact considered by either the board or the rating specialist. Both Dr. Markowitz, who reported on behalf of petitioner, and Dr. Goldfarb, who reported on behalf of respondent Gaba, indicate some work limitations should be placed on Gaba because of his cardiac disability. Dr. Markowitz placed a light work restriction on Gaba. In his report of September 25, 1974, while not finding Gaba's disability was permanent and stationary, Dr. Goldfarb restricted Gaba to "sedentary work activities without emotional stress."[1] Subsequently Dr. Goldfarb, finding Gaba's disability permanent and stationary, opined in his report of May 28, 1975: "[Gaba] has moderate heart disease which also restricts him from work activities of an emotional nature. [¶] *He must be classified as therapeutic classification D. . . .*" (Italics added.) Therapeutic classification D involves patients with cardiac disease whose "ordinary physical activity should be markedly restricted." (N. Y. Heart Association,

---

[1] Of course, Dr. Goldfarb's report of September 25, 1974, cannot be relied upon in determining the permanent disability of Gaba since it is not a permanent and stationary evaluation and is superseded by Dr. Goldfarb's latter permanent and stationary report of May 28, 1975. (*Hegglin v. Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 162, 169 [93 Cal.Rptr. 15, 480 P.2d 967]; *Place v. Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 372, 378 [90 Cal.Rptr. 424, 475 P.2d 656]; *Jones v. Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 476, 480 [67 Cal.Rptr. 544, 439 P.2d 648].)

Diseases of the Heart and Blood Vessels-Nomenclature and Criteria for Diagnosis (6th ed., 1964 Boston, Little Brown and Company) p. 114.) Thus, it would appear some work restrictions should be included in the factors of heart disability determined by the board and sent to the rating specialist for evaluation.[2]

The instructions to the rating specialist to consider that "applicant had back disability limiting him to light work" did not contain any reference to the physical limitations Gaba has as a result of his heart disability. The facts pertaining to the two disabilities require further consideration in view of the possibility of overlapping disabilities and the need for apportionment. Of course, the mere fact both the heart disability and the prior back disability involve physical work restrictions does not automatically resolve the issue of overlapping disabilities. Gaba's "moderate heart disability" might consist of elements of disability which do not overlap with physical work restrictions. Since here the rating specialist was unable to define what elements of disability were included in moderate heart disease, the board may find it necessary to take further evidence, including medical opinion, to delineate the extent to which the heart disability has changed Gaba's earning capacity or his capacity or ability to compete in the open labor market differently from that disability which resulted from the prior back injury.

The opinion and decision after reconsideration is annulled and the cause remanded with directions that the board reconsider the matter of overlapping disabilities, make specific findings with respect thereto and again refer the matter of rating to the specialist with specific instructions with respect to the issue of apportionment.

Cobey, Acting P. J., and Potter, J., concurred.

---

[2]Why Dr. Goldfarb, in his report of May 28, 1975, phrased the physical restrictions placed on Gaba in purely medical and not workers' compensation terminology is not clear. Apparently, this was by oversight rather than an improper attempt to avoid the application of the holding in *Mercier* by omitting factors of heart disability which potentially overlapped with the pre-existing back disability. Pursuant to the Rules of Practice and Procedure of the Workers' Compensation Appeals Board written medical reports offered into evidence at appeals board proceedings should include "[o]pinion as to the extent of disability and work limitations, if any." (Cal. Admin. Code, tit. 8, ch. 4.5, § 10606, subd. (f).) It would similarly be improper for a physician in evaluating the permanent disability resulting from a subsequent injury to omit from his report factors of the subsequent disability which did not overlap with the prior disability.