[Civ. No. 45059. Second Dist., Div. Four. Nov. 16, 1977.]

MABEL MELVINA ATEN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
VENTURA UNIFIED SCHOOL DISTRICT et al., Respondents.

114

COUNSEL

Ghitterman, Eskin, Schweitzer & Herreras, Stephen C. Schweitzer and Allan S. Ghitterman for Petitioner.

T. Groezinger, James J. Vonk, George S. Bjornsen, Glenn W. Groenewold, Arthur Hershenson, Richard A. Krimen and Thomas J. McBirnie for Respondents.

OPINION

FILES, P. J.—In this proceeding the applicant seeks review for the purpose of challenging the method by which the graduated scale of Labor Code section 4658 was applied to her several injuries to arrive at the dollar amount of two awards.

Our consideration of this case has twice been postponed to await a decision of the Supreme Court: *Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1 [128 Cal.Rptr. 673, 547 P.2d 449] and *Wilkinson* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491 [138 Cal.Rptr. 696, 564 P.2d 848]. The applicant, the carrier and the board have now submitted memoranda discussing this case in the light of those decisions.

On April 19, 1973, petitioner, 59, a school custodian, filed three applications alleging three injuries suffered in the service of respondent

school district. By a subsequent stipulation of the parties, accepted by the board, it was established that her permanent disability was 60 percent standard, subject to upward adjustment for age and occupation. In accordance with an estimate appearing in the report of Dr. Sher, the stipulation attributed the disability in the following ratios:

Case 08075: Specific injury to back on August 22, 1969 ........................ 30

Case 08076: Specific injury to back and stomach on April 18, 1972 .... 40

Case 08077: Cumulative injury to back and stomach from October 1966 through February 2, 1973 ............................................................. 15

 Leaving attributable to noncompensable injury to back .............. 15

 100

It was also stipulated that, in case 08075, the applicant's earnings entitled her to compensation for permanent disability at the rate of $52.50 per week (the maximum under the law prior to Apr. 1, 1972), and in the other two cases at the rate of $70 per week. There was no stipulation as to how the total amount of compensation was to be computed in weeks or dollars.

In case 08075 the compensation judge awarded a permanent disability indemnity of $4,147.50 payable forthwith.

In case 08076 the judge applied a 26¾ rating and awarded $7,297.50 payable at the rate of $70 a week.

In case 08077 the judge applied a 10 rating and awarded $2,117.50 payable forthwith.

In arriving at these figures the compensation judge treated each injury separately.

The applicant petitioned for reconsideration in cases 08076 and 08077 upon the ground that the permanent disability benefits had not been computed properly. That petition was denied by the board on September 13, 1974.

The petitioner seeks review only of the awards for the 1972 specific injury (case 08076) and the cumulative injury (case 08077), but we are

obliged to consider whether the 1969 injury bears upon the computation of the benefits for the other injuries.

■ The amendment to Labor Code section 4658, effective April 1, 1972, established a graduated scale by which the number of weekly benefits increases exponentially with the increase in the percentage of disability. Thus, where two or more injuries are involved, it makes a difference whether each award starts from the bottom of the scale or whether they are combined to reach a higher level on the scale.

In *Fuentes,* the applicant sustained an injury to his lungs, resulting in a 58 percent disability rating, of which 33.75 percent was industrial and 24.25 percent nonindustrial. The Supreme Court held that the amount payable would be determined by subtracting from the 58 percent the 24.25 percent with a net compensable disability of 33.75 percent to be compensated in accordance with the scale in section 4658. Thus the compensable portion of the disability was compensated at the bottom of the scale. This decision was based upon the court's interpretation of Labor Code section 4750 which states:

"An employee who is suffering from a previous permanent disability or physical impairment and sustains permanent injury thereafter shall not receive from the employer compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment.

"The employer shall not be liable for compensation to such an employee for the combined disability, but only for that portion due to the later injury as though no prior disability or impairment had existed."

The *Fuentes* court went on to say (at p. 8): "As petitioner correctly observes, under formula A adopted by the Board a worker who suffers a single injury resulting in, for example, a disability rating of 50 percent, will receive greater benefits than one who sustains two successive injuries each of which causes a permanent disability of 25 percent when considered alone. This result, however, is neither unjust nor unfair, petitioner's arguments to the contrary notwithstanding. Rather, it is a

consequence of the recent amendments to section 4658 and is consistent with the previously noted policy of encouraging employers to hire the disabled. There being no evidence to the contrary, this court must assume that such a result was contemplated by the Legislature."

Under the law established in *Fuentes,* the board acted correctly in the present cases in putting aside the noncompensable portion of the disability so as to start at the bottom of the scale in measuring the award for the compensable portion. The effect to be given the three compensable injuries, as the source of separate awards, requires examination of the decision in *Wilkinson.*

Wilkinson sustained successive injuries to both knees, which injuries became permanent and stationary at the same time. The board awarded him 15¼ percent permanent disability for each injury. The Supreme Court annulled the decision, holding that the claimant was entitled to a 30½ percent rating for the combined disability. The *Wilkinson* court reached that result by following the reasoning of the board's decision in *Bauer* v. *County of Los Angeles* (1969) 34 Cal. Comp. Cases 594. The *Bauer* doctrine, as summarized by the Supreme Court is that "whenever a worker, while working for the same employer, sustains successive injuries to the same part of his body and these injuries become permanent at the same time, the worker is entitled to an award based on the combined disability." (19 Cal.3d at p. 494.)

With respect to the requirement of section 4750 that successive disabilities be considered separately, the *Wilkinson* opinion says at page 497: "The *Bauer* doctrine is consistent with the language of section 4750, which requires apportionment only when the employee 'is suffering from a *previous* permanent disability or physical impairment.' Thus the section does not require apportionment in all cases of successive injuries, but only in cases of successive permanent disabilities. If the worker incurs successive injuries which become permanent *at the same time,* neither permanent disability is 'previous' to the other, and section 4750 hence does not require apportionment."

The *Wilkinson* opinion then goes on to explain that *Bauer* serves the practical purpose of avoiding the need to apportion disability in a class of cases in which it is unlikely that any competent evidence could be

found upon which to make an apportionment; and the opinion points out that the evidence in that case did not provide substantial support for apportionment as between the two injuries.

 The record here for review differs from that in *Wilkinson* in two respects:

First: Neither the stipulation of the parties nor the findings of the judge tell us when any of the injuries became permanent and stationary. We might infer that the 1972 injury became permanent a few days before April 3, 1973, which was the day the judge ordered the weekly payments to commence. (See Lab. Code, § 4650.) But the lump sum award for the cumulative injury does not give any reliable basis for an inference as to when it became permanent.

Second: This is not a case in which it is impossible to say what proportion of the total disability is attributable to each of the three injuries, because the parties have stipulated to exact percentages. We observe that the report of Dr. Sher, which was referred to in the stipulation, does not contain reasons which would provide evidentiary support for an apportionment. (See *Wilkinson, supra,* 19 Cal.3d at p. 498.) But the lack of supporting evidence does not necessarily invalidate a stipulation. One reason for entering into a stipulation is to save the expense, inconvenience, delay and uncertainty of proving a matter by evidence.

The stipulation does not prevent the application of the *Wilkinson* principle in these cases. The elements of the *Bauer* doctrine, as applied in *Wilkinson,* will be present if it should appear that the two injuries became permanent at the same time.

Upon the record here we can eliminate the 1969 injury from any computation of the benefits payable in the two pending cases. Petitioner did not seek any review of the lump sum award for the 1969 injury, and in oral argument here petitioner's counsel offered to stipulate that the 1969 injury became permanent and stationary prior to the 1972 injury. Although counsel for the carrier did not accept the stipulation, we may regard petitioner's statement as confirming what is implicit in the record. (Cf. *Wilkinson, supra,* 19 Cal.3d at p. 495, fn. 1.) We must regard the

disability from the 1969 injury as a "previous permanent disability" within the meaning of section 4750. That disability has been rated and the benefit payable has been adjudicated and no review of that adjudication has been requested. Thus, under section 4750, the two cases now pending must be considered by themselves and compensation awarded which is "not in conjunction with or in relation to" the disability found to have resulted from the 1969 injury.

It has been the applicant's contention that the total disability should be determined first—i.e., in this case 67 percent—and that figure converted into weeks of compensation on the exponential scale. Then, by the applicant's method, the number of weeks (or dollars) allowable for the nonindustrial disability and the earlier industrial disability would be deducted at a rate provided at the lower end of the scale, so that the disability attributed to the later injuries would be compensated at the higher rate. That method cannot be reconciled with section 4750, as interpreted in *Fuentes,* which requires that the disability involved in the present cases must be "considered by itself and not in conjunction with or in relation to the previous disability."

Without any determination as to when the cumulative injury (case 08077) became permanent, it is impossible to know whether to apply the *Bauer-Wilkinson* rule with respect to the two cases here for review. The absence of such a stipulation or finding is understandable. It is apparent that at the time this case was before the board, the parties recognized the unsettled question of how the relatively new graduated scale would apply to cases of multiple trauma, and they framed a case in which that issue would be presented. But the parties did not anticipate that the solution in their case might turn upon circumstances not mentioned in their stipulation.

In response to a request from this court, the board has submitted a letter discussing this case in the light of the *Fuentes* and *Wilkinson* decisions. That letter also states "Despite the passage of time, the board would be amenable to a remand of the matter to the board for reconsideration along with other *Wilkinson* type cases being processed presently should that be the wish of the Court." We think it is in the interest of justice that we follow that suggestion.

Upon remand, the board may, if it thinks proper, reject the stipulation apportioning between the two pending cases (see *Turner Gas Co.* v.

*Workmen's Comp. Appeals Bd.* (1975) 47 Cal.App.3d 286 [120 Cal.Rptr. 663]), take evidence and make new findings.

Each case is remanded to the board for the purpose of reconsideration and such further proceedings as may be lawful and just.

Kingsley, J., and Jefferson (Bernard), J., concurred.