111 Cal.App.3d 618 (1980)
169 Cal. Rptr. 33
ROBERT B. NORTON, Petitioner,
v.
WORKERS' COMPENSATION APPEALS BOARD, COUNTY OF SANTA BARBARA et al., Respondents.
Docket No. 59293.
Court of Appeals of California, Second District, Division Three.
October 31, 1980.
*621 COUNSEL
Henderson, Rogers, Sheffield, Henderson & Rafferty and Daniel E. Henderson, Jr., for Petitioner.
Fred P. Lynch and Robert A. La Porta for Respondents.
OPINION
COBEY, Acting P.J.
Petitioner Robert B. Norton (hereinafter also applicant) contends that respondent Workers' Compensation Appeals Board (Board) should have issued a combined permanent disability rating for all of his industrial injuries rather than issuing, as the Board did, two separate permanent disability awards. We agree with petitioner. Accordingly, we annul the Board's decision and remand the matter to the Board for further proceedings as directed herein.

*622 PROCEEDINGS BEFORE WCAB
Norton was employed by respondent County of Santa Barbara (County) as a deputy sheriff from July 22, 1968, through November 9, 1977. In the proceedings under review, Norton was found to have sustained five separate industrial injuries while employed by County: a specific back injury[1] on July 26, 1971; a specific back injury on May 20, 1975; a specific back injury on November 3, 1977; a cumulative back injury (ante, fn. 1) during Norton's entire period of employment for County; and, a cumulative injury to the esophagus and stomach during Norton's employment from 1974 to November 1977.[2]
The workers' compensation judge initially issued a single set of permanent disability rating instructions with the following factors of *623 permanent disability: "[B]ack disability limiting applicant to semisedentary work. Also consider gastro-intestinal disability restricting applicant to no heavy work and necessity to avoid emotionally stressful work."
*624 The disability evaluation specialist recommended a total rating of 82-1/4 percent permanent disability which is 479.25 weekly payments at $70 per week (equivalent to $33,547.50) and thereafter a life pension of $35.94 per week. This recommendation was based upon (1) a 60 standard rating for the back disability which adjusted for age and occupation to 66 percent, (2) a 40 standard rating for the gastrointestinal disability which adjusted for age and occupation to 37 percent, and (3) application of the "multiple disabilities table" contained in the Permanent Disability Rating Schedule (Rating Schedule) to the adjusted back and gastrointestinal disability to achieve the 82-1/4 percent permanent disability rating. (See Rating Schedule, p. 81; Morgan v. Workers' Comp. Appeals Bd. (1978) 85 Cal. App.3d 710 [149 Cal. Rptr. 736]; Mihesuah v. Workers' Comp. Appeals Bd. (1976) 55 Cal. App.3d 720 [127 Cal. Rptr. 688]; Welch, Fundamentals for Applying Cal. Schedule for Rating Permanent Disabilities (1975); 1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d rev. ed. 1980) § 11.03; 1 Herlick, Cal. Workers' Compensation Law Handbook (2d ed. 1978) §§ 7.34-7.37; Cal. Workmen's Compensation Practice (Cont. Ed.Bar 1973) §§ 15.18-15.25.)
The Board granted County's petition for reconsideration and issued two separate rating instructions; one for the back disability and one for the gastrointestinal disability. The Board also found that the back disability should be reduced by the level of the gastrointestinal disability pursuant to the principle of "overlapping disabilities."
The Board's rating instructions for the gastrointestinal disability were as follows: "[D]isability to esophagus and stomach precluding applicant from heavy work and necessity to avoid stressful work."
This was a 40 standard rating which adjusted to 37 percent permanent disability (162.75 weeks of payments at $70 per week, for a total of $11,392.50, and no life pension).
The Board's rating instructions for the back disability were as follows: "[B]ack disability limiting applicant to semi-sedentary work. [¶] Please consider, applicant has a disability to esophagus and stomach *625 which precluded applicant from heavy work and necessity to avoid emotional stress."
The back disability was a 60 standard rating which adjusted to 66 percent. The Board subtracted the "overlapping" part of the stomach disability (27-1/2 percent) for a net back disability rating of 38-1/2 percent (171.25 weeks of payments of $70 per week, for a total of $12,025.50, and no life pension).
Thus, the judge's rating instructions would result in Norton's receiving weekly payments of $70 per week totaling $33,547.50 and thereafter a life pension of $35.94 per week. In contrast, the Board's method has resulted in a total of only $23,418 and no life pension.

DISCUSSION
At the outset we observe that no party denies that all four of Norton's back injuries (the three specific back injuries and the cumulative back injury) should be rated together. (1) Where, as here, successive injuries to the same part of the body become permanent and stationary[3] at the same time, the worker is entitled to a permanent disability award based upon his combined disability at the permanent disability rates applicable at the time the last injury of the successive injuries giving rise to such benefits occurred. (Wilkinson v. Workers' Comp. Appeals Bd. (1977) 19 Cal.3d 491 [138 Cal. Rptr. 696, 564 P.2d 848]; Harold v. Workers' Comp. Appeals Bd. (1980) 100 Cal. App.3d 772 [161 Cal. Rptr. 508]; Fullmer v. Workers' Comp. Appeals Bd. (1979) 96 Cal. App.3d 164 [157 Cal. Rptr. 735]; Taylor v. Workers' Comp. Appeals Bd. (1979) 95 Cal. App.3d 139 [156 Cal. Rptr. 906]; Nuelle v. Workers' Comp. Appeals Bd. (1979) 92 Cal. App.3d 239 [154 Cal. Rptr. 707]; Rumbaugh v. Workers' Comp. Appeals Bd. (1978) 87 Cal. App.3d 907 [151 Cal. Rptr. 563]; Aten v. Workers' Comp. Appeals Bd. (1977) 75 Cal. App.3d 113 [142 Cal. Rptr. 42]; Bauer v. County of Los Angeles (WCAB en banc opn. 1969) 34 Cal.Comp.Cases 594.) This principle is often called the "Wilkinson rule" after the Supreme Court opinion.[4]
(2a) The dispute herein is whether the combined back injuries and the cumulative esophagus and stomach injury should be rated together, *626 as done by the judge, or separately with application of the principle of "overlapping disabilities," as done by the Board.
(3) The judge's method is an application of the Supreme Court decision in Hegglin v. Workmen's Comp. App. Bd. (1971) 4 Cal.3d 162 [93 Cal. Rptr. 15, 480 P.2d 967]. In Hegglin the court held that where multiple independent factors of disability to different parts of the body result from a single industrial injury, the proper method of rating is to include all factors of disability in the rating instructions and then achieve an overall rating by use of the multiple disabilities table. (Id. at p. 174; see also, Morgan v. Workers' Comp. Appeals Bd., supra, 85 Cal. App.3d 710; Mihesuah v. Workers' Comp. Appeals Bd., supra, 55 Cal. App.3d 720.)
In contrast the Board's rating is an application of the Supreme Court decisions in State Compensation Ins. Fund v. Industrial Acc. Com. (Hutchinson) (1963) 59 Cal.2d 45 [27 Cal. Rptr. 702, 377 P.2d 902] and Mercier v. Workers' Comp. Appeals Bd. (1976) 16 Cal.3d 711 [129 Cal. Rptr. 161, 548 P.2d 361]. Hutchinson and Mercier established the principle of apportionment of successive "overlapping disabilities." (4) Under this principle where an injured worker sustains successive injuries (i.e., a preexisting disability followed by an industrial injury) the permanent disability from the subsequent industrial injury is only compensated to the extent the injured worker's ability to compete in the open labor market is decreased beyond that due to the preexisting disability. (Mercier, supra, 16 Cal.3d at pp. 714-716; Hutchinson, supra, 59 Cal.2d at pp. 52-56; see also, Aliano v. Workers' Comp. Appeals Bd. (1979) 100 Cal. App.3d 341, 374 [161 Cal. Rptr. 190]; Johns-Manville Products Corp. v. Workers' Comp. Appeals Bd. (Carey) (1978) 87 Cal. App.3d 740 [151 Cal. Rptr. 215]; State Comp. Ins. Fund v. Workers' Comp. Appeals Bd. (Gaba) (1977) 72 Cal. App.3d 13, 15-17 [139 Cal. Rptr. 802].) "Thus, if prior to the industrial injury the injured has a permanent disability there is apportionment to the extent the industrial injury does not decrease his earning capacity or ability to compete. This rule of apportionment of `overlapping disabilities' applies even if the industrial injury involves a different part of the body than the preexisting disability." (Aliano, supra, 100 Cal. App.3d at p. 374.)
*627 (2b) Here, the difficulty is that we do not deal with only successive injuries but contemporaneous injuries as well. Had Norton suffered cumulative injury to his back and to his esophagus and stomach during his entire period of employment, or during exactly the same period of employment, it would be clear that there were not two injuries but a single cumulative injury for the purpose of rating the permanent disability in accordance with the Supreme Court decision in Hegglin, supra, 4 Cal.3d 162 and the Court of Appeal decision in State Compensation Ins. Fund v. Workers' Comp. Appeals Bd. (Hurley) (1977) 70 Cal. App.3d 599 [139 Cal. Rptr. 41]. The fact that the liability period pursuant to Labor Code section 5500.5 may be different for the back claim and for the esophagus and stomach claim would not alter this fact. (5) (See fn. 5.) The period of injurious employment, not the liability period under Labor Code section 5500.5, would make the injuries concurrent. (Ante, fn. 2.)[5]
(2c) Here, however, the injurious employment for the back was from July 22, 1968, through November 9, 1977, while the injurious employment for the esophagus and stomach was only 1974 to November 1977. Thus, only the ending periods of the injurious employments are contemporaneous.
On the other hand, the cumulative back injury and the cumulative injury to the esophagus and stomach cannot be said to be successive injuries. In order for injuries to be successive, one injury must predate the other. A cumulative injury occurs as a result of "repetitive mentally or physically traumatic activities extending over a period of time, the combined effect of which causes any disability or need for medical treatment." (Lab. Code, § 3208.1.) No cumulative injury can occur until there is "compensable disability," which consists of disability and/or need for medical treatment. This is because, regardless of the dates of injurious employment, the claimant has no cause of action and no rights accrue to him until that point in time when the cumulative effects of his disease result in compensable disability. (Van Voorhis v. Workmen's Comp. Appeals Bd. (1974) 37 Cal. App.3d 81, 86-87 [112 Cal. Rptr. 208]; Hooker v. Workmen's Comp. Appeals Bd. (1974) 36 Cal. App.3d 698, 704-707 [111 Cal. Rptr. 766]; Aetna Cas. & Surety Co. v. Workmen's *628 Comp. Appeals Bd. (Coltharp) (1973) 35 Cal. App.3d 329, 342-343 [110 Cal. Rptr. 780] Dickow v. Workmen's Comp. Appeals Bd. (1973) 34 Cal. App.3d 762 [109 Cal. Rptr. 317]; Argonaut Mining Co. v. Ind. Acc. Com. (Gonzalez) (1951) 104 Cal. App.2d 27, 30-31 [230 P.2d 637]; Ferguson v. City of Oxnard (WCAB en banc opn. 1970) 35 Cal.Comp.Cases 452.) Separate cumulative injuries do arise, however, under Labor Code section 3208.1 when a period of disability and need for medical treatment are interspersed within the alleged course of the cumulatively traumatic activities. (City of Los Angeles v. Workers' Comp. Appeals Bd. (Calvert), supra, 88 Cal. App.3d at p. 29; Aetna Cas. & Surety Co. v. Workmen's Comp. Appeals Bd. (Coltharp), supra, 35 Cal. App.3d 329; Ferguson v. City of Oxnard, supra, 35 Cal.Comp.Cases 452.)
Here, there is no medical evidence supporting the conclusion that prior to applicant's last date of employment he was disabled or sought medical treatment as the result of the cumulative back injury (as opposed to the specific back injuries).[6] Accordingly, no cumulative back injury can be held to have occurred prior to the cumulative stomach and esophagus injury.
Norton's stomach and esophagus began troubling him in early 1975. Norton did not seek formal medical treatment until July 1976. (6) (See fn. 7.) Since obtaining formal medical care he has, on more than one occasion, been off work because of this problem.[7] (2d) It was not until November 17, 1977, however, that Norton's treating physician, John D. Hobson, M.D., concluded that Norton was permanently disabled from working as a deputy sheriff because of his stomach and esophagus condition. Importantly, this is after Norton last worked. Further, while the stomach and esophagus condition caused "compensable disability" prior to Norton's last day of employment, there is insufficient evidence to conclude that these earlier periods of "compensable disability" would have independently progressed to cause the present gastrointestinal permanent disability. (See Wilkinson, supra, 19 Cal.3d at pp. 497-498; Hooker v. Workmen's Comp. Appeals Bd., supra, 36 Cal. App.3d at pp. 704-707.) Therefore, it appears the stomach and esophagus condition developed concurrently with the cumulative back injury.
*629 Accordingly, since we conclude that the cumulative back injury and cumulative esophagus and stomach injury cannot be said to be truly successive injuries, they must be treated as contemporaneous and therefore rated as multiple factors of disability from one injury in accord with Hegglin, supra, 4 Cal.3d 162 and State Compensation Ins. Fund v. Workers' Comp. Appeals Bd. (Hurley), supra, 70 Cal. App.3d 599.
We are now left with the application of two principles to the rating of Norton's permanent disability. First, the Wilkinson rule that requires that the three specific back injuries and the cumulative back injury be rated together. Secondly, the principle, by application of Hegglin, supra, and Hurley, supra, that the cumulative back injury and the cumulative esophagus and stomach injury be rated together. The manner in which the Board has rated the disability does violence to the latter principle. The inescapable conclusion is, therefore, that the only way these two principles can both be applied is by rating together all of the back injuries and the cumulative esophagus and stomach injuries; that is, rating the permanent disability as if only one injury were involved.

DISPOSITION
The Board's present permanent disability rating is annulled. The matter is remanded to the Board with directions to issue permanent disability rating instructions in accordance with this opinion. The new rating instructions should also comply with the discussion of this court in Morgan v. Workers' Comp. Appeals Bd., supra, 85 Cal. App.3d 710, 722-726, concerning the rating of multiple factors of disability from a single injury. On remand the Board may also conduct any further proceedings it deems appropriate.
Allport, J., and Potter, J., concurred.
NOTES
[1] "An injury may be either: (a) `specific,' occurring as the result of one incident or exposure which causes disability or need for medical treatment; or (b) `cumulative,' occurring as repetitive mentally or physically traumatic activities extending over a period of time, the combined effect of which causes any disability or need for medical treatment...." (Lab. Code, § 3208.1.)
[2] The application of Labor Code section 5500.5 has no impact upon the permanent disability rating problem herein presented.

The Board has found the cumulative back injury occurred during the entire period of employment. In contrast, the cumulative esophagus and stomach injury occurred only during 1974 to November 1977, and thus Norton's prior employment was noncontributory.
The period of injury found by the Board is not the result of the application of Labor Code section 5500.5. "Section 5500.5 was enacted in 1951 to codify the rule announced in Colonial Ins. Co. v. Industrial Acc. Com. (1946) 29 Cal.2d 79, 82 [172 P.2d 884], that an employee disabled by a progressive occupational disease may obtain an award for his entire disability against any one or more of his successive employers or insurance carriers and that those held liable have the burden of seeking apportionment. (See Tidewater Oil Co. v. Workers' Comp. Appeals Bd. (1977) 67 Cal. App.3d 950, 956-957 [137 Cal. Rptr. 36]; Harrison v. Workmen's Comp. Appeals Bd., supra, 44 Cal. App.3d [197] at p. 199 [118 Cal. Rptr. 508]; Swezey, Disease as Industrial Injury in California (1967) 7 Santa Clara Law. 205, 220-221.) Originally, section 5500.5 was limited by its express language to occupational disease claims, but its procedures were applied by analogy to cumulative injury claims as well. (See Royal Globe Ins. Co. v. Industrial Acc. Com. (1965) 63 Cal.2d 60, 63 [45 Cal. Rptr. 1, 403 P.2d 129]; Raischell & Cottrell, Inc. v. Workmen's Comp. App. Bd. (1967) 249 Cal. App.2d 991, 995 [58 Cal. Rptr. 159]; Swezey, Repetitive Trauma as Industrial Injury in California (1970) 21 Hastings L.J. 631, 642.) In 1973, section 5500.5 was amended to expressly cover cumulative injury as well as occupational disease claims. (Stats. 1973, ch. 1024, § 4, p. 2032.)" (Flesher v. Workers' Comp. Appeals Bd. (1979) 23 Cal.3d 322, 327 [152 Cal. Rptr. 459, 590 P.2d 35].)
Also under the 1973 amendments, section 5500.5, subdivision (a) "permits an employee claiming liability for occupational disease or cumulative injury to proceed only against the employers who employed him during a period of five years immediately preceding either the date of injury or the last date on which the employee was employed in an occupation exposing him to the hazards of such occupational disease or cumulative injury, whichever occurs first. Liability in such cases is limited to such employers and is not apportioned to prior years. [¶] The limitation of liability provided for in subdivision (a) is inapplicable where, as provided for in subdivision (d) of section 5500.5, the employment exposing the employee to the hazards of the claimed occupational disease or cumulative injury was for more than five years with the same employer or its predecessors in interest. In such circumstances liability is extended to all insurers who insured the worker's compensation liability of such employer during the entire period of the employee's exposure with such employer or its predecessor in interest. Accordingly, in this situation the liability for such injury or occupational disease is apportioned among the employers liable under the provisions of subdivision (a) and those liable for the prior years as provided in subdivision (d)." (Fn. omitted.) (Tidewater Oil Co. v. Workers' Comp. Appeals Bd. (1977) 67 Cal. App.3d 950, 952-953 [137 Cal. Rptr. 36].) The 1973 amendments were held to apply to cases pending at the time the amendments became effective, even to injuries occurring before the amendments became effective. (Harrison v. Workmen's Comp. Appeals Bd. (1974) 44 Cal. App.3d 197 [118 Cal. Rptr. 508].)
In 1977, section 5500.5 was amended so as to reduce annually the five-year period so that commencing in 1981 and thereafter the liability period of section 5500.5 for cumulative trauma and occupational disease claims will only be one year. The 1977 amendments also eliminated the one employer rule of subdivision (d). (Stats. 1977, ch. 360, § 1, p. 1334; Flesher, supra, 23 Cal.3d at p. 327; City of Los Angeles v. Workers' Comp. Appeals Bd. (Calvert) (1978) 88 Cal. App.3d 19, 26 [151 Cal. Rptr. 679].) The 1977 amendments apply only to claims "filed or asserted" on or after their effective date. (Rountree v. Time D.C. (WCAB en banc opn. 1979) 44 Cal.Comp.Cases 223.)
As concerns Norton's injuries, County was insured by State Compensation Insurance Fund (State Fund) from July 22, 1968, through June 30, 1971. Since July 1, 1971, County has been permissibly self-insured. (Lab. Code, § 3700.)
Norton filed his application for adjudication of the esophagus and stomach cumulative injury in November 1977. Accordingly, the 1973 amendments to Labor Code section 5500.5, including the "one-employer rule" of subdivision (d) apply. (Rountree v. Time D.C., supra, 44 Cal.Comp.Cases 223.) The cumulative esophagus and stomach injury occurred from 1974 to November 1977. Therefore, State Fund is not liable upon this claim.
The cumulative back injury claim was not "asserted" by Norton until February 1978 when he amended a claim previously filed in 1977, which alleged specific back injuries, to one alleging the cumulative back injury. Accordingly, the 1977 amendments apply to the cumulative back injury claim and therefore, Labor Code section 5500.5 subdivision (a) limited liability to the last four years of employment. (Rountree v. Time D.C., supra, 44 Cal.Comp.Cases at p. 231.)
In the cumulative back injury claim the last four years of employment were November 9, 1973, to November 9, 1977. State Fund, therefore, again has no liability upon the cumulative back injury claim and the Board has accordingly limited liability to County in its capacity as a permissibly self-insured. Notwithstanding the liability limitations of Labor Code section 5500.5, Norton correctly alleged and the Board correctly found cumulative back injury during Norton's entire period of employment at County. This is because the intent of Labor Code section 5500.5 is "to limit the number of employers and insurance carriers which may be held liable but not to limit the extent of exposure for which a worker may recover." (Cal. Workmen's Compensation Practice (Cont.Ed.Bar Supp. 1980) § 5.14, pp. 55-56.) Thus, while the amendments to section 5500.5 limit the number of employers and insurance carriers which need be alleged as liable for the cumulative injury or occupational disease, the amendments do not change the dates of actual injurious employment. (See Flesher v. Workers' Comp. Appeals Bd., supra, 23 Cal.3d 322; Gay v. Workers' Comp. Appeals Bd. (1979) 96 Cal. App.3d 555, 563 [158 Cal. Rptr. 137]; Cal. Workmen's Compensation Practice (Cont.Ed.Bar Supp. 1980) supra, § 5.14.)
[3] "A disability is considered permanent after the employee has reached maximum improvement, or his condition has been stationary for a reasonable period of time, as may be determined by the Appeals Board or a [workers' compensation judge]." (WCAB Rules Pract. and Proc. (Cal. Admin. Code, tit. 8, ch. 4.5, subch. 2) § 10900.)
[4] The Wilkinson rule has its origins in the Board's opinions in Bauer, supra, 34 Cal. Comp.Cases 594 and Revere Copper & Brass, Inc. v. WCAB (Dunlap) (1969) 34 Cal. Comp.Cases 532 and has gone through modifications in subsequent appellate opinions. (See Harold, supra, 100 Cal. App.3d 772; Mastoris, Summary of 1979-1980 Cal. Workers' Compensation Law (1980) pp. 75-78; Williams, Computation of Apportionment in Permanent Disability Cases Under California Workers' Compensation Law (1980) 15 Cal. Western L.Rev. 395, 440-456.)
[5] Where Labor Code section 5500.5 results in different liability periods for injuries to separate parts of the body, the question of whether procedurally separate claim applications, as here, or a single claim application should be filed is best left to the Board's consideration. (See Cal. Workmen's Compensation Practice (Cont.Ed.Bar Supp. 1980) § 5.14, p. 55-57.)
[6] Norton did seek medical treatment and was temporarily disabled following each of the specific back injuries.
[7] While Norton technically should have filed separate cumulative stomach and esophagus claims for each separate period of disability and need for medical treatment interspersed within the entire period of injurious employment (City of Los Angeles v. Workers' Comp. Appeals Bd. (Calvert), supra, 88 Cal. App.3d at p. 29; Aetna Cas. & Surety Co. v. Workmen's Comp. Appeals Bd. (Coltharp), supra, 35 Cal. App.3d 329; Ferguson v. City of Oxnard, supra, 35 Cal.Comp.Cases 452), County has waived Norton's failure to file such separate claims by not timely objecting to the manner the claim was pleaded. (Ferguson, supra, 35 Cal.Comp.Cases at pp. 459-461.) Further, it would appear that under the Wilkinson rule the permanent disability from any such multiple stomach and esophagus claims would be rated together.