[Civ. No. 30897. Fourth Dist., Div. Three. Feb. 22, 1984.]

CLAUDE NEWMAN, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
COSTA MESA JEWELRY et al., Respondents.

220

**Counsel**

Warren E. Kamm for Petitioner.

Zonni, Ginocchio & Taylor, Leonard J. Silberman and Russell H. Morton for Respondents.

## Opinion

**SONENSHINE, J.**—Claude Newman seeks annulment of an order of the Workers' Compensation Appeals Board (hereinafter Board) apportioning part of his permanent disability to a prior nonindustrial injury.

As a child, petitioner's left leg was amputated above the knee due to osteomyelitis. For various reasons, a prosthesis was not prescribed and he walked using crutches and a cane.

Between 1940 and 1980 Newman was employed as a jeweler. His work was described as 95 percent sedentary and the record contains no evidence his injury inhibited his earning ability. In 1980 he suffered a cerebral vascular accident (CVA) which resulted in hearing loss, loss of the use of his left arm, decreased vision, loss of memory, and learning disabilities. Both doctors who examined him concluded the CVA was industrially caused and left him permanently and totally disabled.

Following an evidentiary hearing, the judge found Newman to be 100 percent permanently disabled from the CVA and refused to apportion any of the second injury to the first. In written findings, the judge determined the present disability was unrelated to the amputation and petitioner's ability to compete in the open job market was decreased by the CVA in a manner completely different from the first injury.

Respondent's request for reconsideration by the Board was granted, with the Board referring the matter to a ratings specialist. The ratings specialist, following the Board's order, assigned a 78 percent disability rating to the amputation and a 100 percent permanent disability rating to the CVA. Relying solely on the perception the Board had *ordered* apportionment, the ratings specialist subtracted the first rating from the second and assigned a 22 percent permanent disability rating to petitioner. After considering the transcript of the cross-examination of the ratings specialist, the Board annulled the judge's order and incorporated the findings of the rating specialist awarding petitioner a 22 percent permanent disability.

Whether the Board's apportionment of petitioner's injuries was proper turns upon the interpretation of Labor Code section 4750. It provides: "An employee who is suffering from a previous permanent disability or physical impairment and sustains permanent injury thereafter shall not receive from the employer compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment. [¶] The employer shall not be liable for compensation to such an employee for the

combined disability, but only for that portion due to the later injury as though no prior disability or impairment had existed."

■ The employer or his insurer is not responsible for the combination of two or more disabilities so as to encourage the employment of the physically disabled. The employer is thus liable ". . . only for that portion which is attributable to the subsequent industrial injury." (*Franklin* v. *Workers' Comp. Appeals Bd.* (1978) 79 Cal.App.3d 224, 236 [145 Cal.Rptr. 22]) and not for the employee's preexisting condition. However, where the preexisting disability does not overlap a subsequent injury, or where the preexisting disability has been rehabilitated, the employer is liable for the whole precluding financial windfall. (*State Compensation Ins. Fund* v. *Industrial Acc. Com. (Hutchinson)*(1963) 59 Cal.2d 45, 56 [27 Cal.Rptr. 702, 377 P.2d 902].)

■ For an injury to be disabling within the meaning of the statute, there must be "1) actual incapacity to perform the tasks usually encountered in one's employment and the wage loss resulting therefrom, and (2) physical impairment of the body . . . ." (*Allied Compensation Ins. Co.* v. *Industrial Acc. Com.* (1963) 211 Cal.App.2d 821, 831 [27 Cal.Rptr. 918]; see also *Gross* v. *Workmen's Comp. Appeals Bd.* (1975) 44 Cal.App.3d 397, 401 [118 Cal.Rptr. 609].)

The parties are in agreement both the first injury (amputation) and the second injury (CVA) are permanent disabilities and are compensable.[1] ■ Petitioner urges, however, the Board's determination of apportionment is not supported by substantial evidence. ■ " 'In reviewing the evidence our legislative mandate and sole obligation . . . is to review the *entire record* to determine whether the board's conclusion was supported by substantial evidence.' (Italics added.)" (*Hulbert* v. *Workmen's Comp. Appeals Bd.* (1975) 47 Cal.App.3d 634, 638 [121 Cal.Rptr. 239].) ■ A review of the record leads us to agree with petitioner.

Apportionment is not proper merely by finding petitioner suffered two disabilities distinct in time. ■ As our Supreme Court noted in *Mercier* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 711 [129 Cal.Rptr. 161, 548 P.2d 361], "Obviously the mere occurrence of a second injury does not require apportionment. In each case it must be determined if the second injury impairs the employee's ability to perform work *in the same manner* as the first injury. If so, apportionment is proper—but only to the extent the two injuries *overlap.*" (*Id.,* at p. 714, italics added.)

---

[1]For purposes of the workers' compensation scheme, the amputation would have been compensable if industrially caused.

Contrary to respondent's position and the decision of the Board, the determination as to whether apportionment is appropriate does not start and end with the finding of a preexisting disability. ▮▮▮ Where as here, petitioner worked 40 years at a profession with a disability which did not impair earnings, and suffered a later injury completely different from the first, the Board must determine if the second injury *overlaps* the first. Thus *Mercier* affirmed the Workers' Compensation Appeals Board's finding apportionment was appropriate only after determining a first injury (back) and a second injury (heart) affected the *same* abilities to compete and earn. "If successive injuries produce separate and independent disabilities then each is properly rated separately without concern for the theoretical 100 percent assigned to 'total' disability." (*Mercier* v. *Workers' Comp. Appeals. Bd.*, *supra*, 16 Cal.3d 711, 714.) The public policy of hiring handicapped workers is then fulfilled while not denigrating the disabled or unjustly enriching an employer.

The evidence supports only the conclusion of the judge that petitioner's first injury was separate and independent from the second. The ratings specialist's decision to apportion was based solely upon the perception[2] the Board had *ordered* apportionment and the Board incorporated the ratings specialist's decision to apportion concluding the result was reasonable. The Board's order of apportionment is not supported by substantial evidence.

The award of the Board is annulled; the Board will enter a new and different award, without apportionment, based upon Newman's 100 percent permanent disability.

Trotter, P. J., and Wallin, J., concurred.

A petition for a rehearing was denied March 15, 1984, and the petition of respondent United Pacific Insurance Company for a hearing by the Supreme Court was denied May 16, 1984.

---

[2]"BY MR. RILEY:
"Q. Mr. Lawrence, regarding the second paragraph, and I'm concerned with the portion about if appropriate to apportion, referring to the lower extremity, but referring to the instructions, you were asked to apportion, if appropriate, the CVA and the disability related to the lower extremity; is that correct?
"A. Yes.
"Q. How would you determine it was appropriate to apportion?
"A. I assumed that it was since it was put in there."