[Civ. No. 44531. First Dist., Div. Four. July 24, 1979.]

JOHN A. FULLMER, JR., Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
CHRONICLE BROADCASTING COMPANY et al., Respondents.

JOHN A. FULLMER, JR., Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, KOVR TV et al.,
Respondents.

## Counsel

Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka, Beauzay, Hammer, Ezgar, Beldsoe & Rucka, Alfred Lombardo, N. Michael Rucka and J. Andrew McKenna for Petitioner.

James J. Vonk, Robert M. Jakob, Arthur Hershenson, Frank Evans, Richard A. Krimen, Robert A. La Porta, Sedgwick, Detert, Moran & Arnold and Roger A. Levy for Respondents.

## Opinion

**CALDECOTT, P. J.—** ██ The principal issue presented on this appeal is whether the rule of *Wilkinson* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491 [138 Cal.Rptr. 696, 564 P.2d 848], is applicable even though the successive injuries were not sustained by applicant while in the employ of the same employer. We hold that the rule is applicable.

In *Wilkinson,* the Supreme Court held that in the absence of substantial evidence that the first injury in itself would have progressed to cause permanent disability, permanent disability is not to be apportioned when an injured worker suffers more than one injury affecting the same part of his body, while working for the same employer, and when the condition as to those injuries becomes permanent at the same time.

In *Wilkinson,* the employee suffered two industrial knee injuries, one on April 15, 1972, and the other on June 30, 1972, while employed by the same employer. Following the second injury, he applied for workers' compensation benefits. There was no question that the disability resulting from both injuries became permanent and stationary at the same time.

Therefore, the disabilities were not apportionable under Labor Code section 4750, since one was not "previous" to the other.[1]

In the present case, the applicant, John A. Fullmer, Jr., was employed by KDVR TV, in Sacramento, on January 11, 1971, as a television news reporter. On that date he sustained an industrial injury to his right knee.

On January 11, 1971, respondent, KDVR TV was insured for workers' compensation purposes by State Compensation Insurance Fund.

Applicant changed employers in January 1972. Then, on December 31, 1973, approximately three years after the injury at KOVR TV, applicant once again injured his right knee while working as a TV news reporter, this time, for the Chronicle Broadcasting Company.

On December 31, 1973, Chronicle Broadcasting Company was insured for workers' compensation purposes by California Casualty Indemnity Exchange Company.

Shortly after the second industrial injury, applicant filed an application for workers' compensation benefits for both the January 11, 1971, injury and the December 31, 1973, injury.

On June 1, 1978, the respondent Workers' Compensation Appeals Board (the board) issued its decision rejecting applicant's contention that *Wilkinson* was applicable. It is from this decision that applicant now seeks a writ of review.

In holding that *Wilkinson* did not apply to the present case, the board stated as follows: "The Board is of the opinion that *Wilkinson* v. *WCAB* (1977), 19 Cal.3d 491, 42 CCC 406 is not applicable to the instant case. In *Wilkinson,* the California Supreme Court upheld the rationale of the en banc decision of the Board in *Bauer* v. *WCAB,* 34 CCC 595. Thus, whenever a worker sustains successive industrial injuries to the same parts of the body while working for the same employer, and these injuries

---

[1]Labor Code section 4750 provides as follows:

"An employee who is suffering from a *previous* permanent disability or physical impairment and sustains permanent injury thereafter shall not receive from the employer compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment.

"The employer shall not be liable for compensation to such an employee for the combined disability, but only for that portion due to the later injury as though no prior disability or impairment had existed." (Italics added.)

become permanent and stationary on the same date, the Board will render an award based upon a combined disability. In the instant case, applicant did not sustain successive industrial injuries to the same part of the body while working for the same employer. Therefore, applicant does not meet one of the essential requirements for an award of a combined disability."

Since the board's decision in this case, the decision in *Rumbaugh* v. *Workers' Comp. Appeals Bd.* (1978) 87 Cal.App.3d 907 [151 Cal.Rptr. 563] has been filed, wherein the court annulled a board decision awarding an employee a 57 percent permanent disability rating and a 19 percent permanent disability rating for two back injuries, which became permanent and stationary at the same time but occurred when the worker was employed by two different employers. The court stated, at pages 914-917, as follows: "*Wilkinson* spells out the three requirements for the application of the *Bauer* doctrine to cases coming under the progressive schedule of section 4658. They are:

"1. The successive injuries must be sustained in the employ of the same employer;

"2. The successive injuries must involve the same parts of the body; and

"3. The successive injuries must become permanent and stationary at the same time.

"Here, both of Rumbaugh's injuries involve back disability and both injuries became permanent and stationary at the same time. The missing element under *Wilkinson* is that the injuries here did not occur while working for the same employer; rather, while one of the employers in the cumulative trauma claim, Midtown, was the same employer for the 1974 specific injury, there are other employers for the cumulative trauma injury.

"The issue then is whether the *Bauer-Wilkinson* doctrine may be applied where there is not an identity of employers at the times of the successive injuries." (At p. 914.)

"The two cornerstones of *Wilkinson* and *Bauer* are the concepts that (1) under section 4750 there is no preexisting disability where both injuries become permanent and stationary at the same time; and (2) the use of

*Wilkinson* and *Bauer* avoids the 'artificial' apportionment between two injuries where because of the closeness in time it is relatively difficult to determine if all the disability or only part is due to one or the other injury.

"As to Rumbaugh's injuries these two concepts are equally applicable. Both injuries became permanent and stationary at the same time; therefore, there was no preexisting disability as to either injury. If section 4750 does not prevent the result in *Wilkinson,* we do not see why it should preclude the application of *Wilkinson* here merely because there is not complete identity of employers for both injuries . . . ." (At p. 915.)

"Thus, the fact that multiple employers are involved in the cumulative trauma injury and only Midtown is involved in the 1974 specific injury does not affect the two 'cornerstones' of *Wilkinson* and *Bauer.* To fail to apply *Wilkinson* and *Bauer* to Rumbaugh's injuries would treat him differently than injureds who are similarly situated except that they are 'fortunate' enough to have complete identity of employers for the two injuries. This difference in treatment must necessarily be based upon a factor which is clearly irrelevant under *Wilkinson-Bauer* and would be contrary to the policy of liberal construction, expressly stated in section 3202, which mandates that the Workers' Compensation Act 'shall be liberally construed by the courts with the purpose of extending benefits for the protection of persons injured in the course of their employment.' (See *Lundberg* v. *Workmen's Comp. App. Bd.* (1968) 69 Cal.2d 436, 439 . . . ; *Hulbert* v. *Workmen's Comp. Appeals Bd.* (1975) 47 Cal.App.3d 634, 639 . . . .) The amount of compensation in this kind of successive injuries case should depend upon the severity of the disability and not upon the fortuitous circumstance of identity of employers.

" . . . . . . . . . . . . . . . . . . .

"Accordingly, we hold that the Board should have followed *Wilkinson-Bauer* in computing the dollar amount of benefits and awarded Rumbaugh a combined permanent disability rating of 76 percent." (At pp. 916-917.)

Respondent State Compensation Insurance Fund (SCIF) contended that the facts in *Rumbaugh* are substantially different from the facts of the case at bar. SCIF distinguishes *Rumbaugh* on the grounds that there, the employee sustained a specific back injury while employed by Midtown Bowl, and a cumulative injury while employed by Midtown Bowl and

other employers. Thus, while there was not a "complete identity" of employers during both injuries, one of the employers during the cumulative trauma was also the employer for the specific injury. In the instant case, applicant sustained two specific injuries, and neither employer is involved in both. While *Rumbaugh* is factually distinguishable however, the holding in that case was not based on those limited facts. The court held that the two crucial factors in applying *Wilkinson* were that the injuries involved the same part of the body and became permanent and stationary at the same time, thus, making apportionment of responsibility a matter of mere speculation. The court did not limit this holding to cases where there is at least one employer in common to both injuries, but rather, found that identity of employers was irrelevant.

■ The final argument put forth by SCIF against applying *Wilkinson* to the present case is that to do so would be to award petitioner a higher permanent disability indemnity rate for his 1971 injury than that to which he would otherwise be entitled.

Labor Code section 4658, which sets forth the rate and number of weeks for which permanent disability indemnity shall be paid, was amended in 1971 (Stats. 1971, ch. 1750, § 5, operative Apr. 1, 1972), to increase the rate of benefits and change the award scale to a graduated one, i.e., a higher percentage received a larger award than two smaller disabilities totalling the same percentage.

Labor Code section 4453.5 provides that: "Benefits payable on account of an injury shall not be affected by a subsequent statutory change in amounts of indemnity payable under this division, and shall be continued as authorized, and in the amounts provided for, by the law in effect at the time the injury giving rise to the right to such benefits occurred."

On the 1971 injury, the board found a permanent partial disability of 12½ percent and awarded a disability indemnity of $2,625. On the 1973 injury, the board found a permanent partial disability of 15½ percent and awarded a disability indemnity of $3,657.50.

This award is wrong for two reasons. First, as we have discussed above, under *Wilkinson*, there should be no apportionment and a combined rating of 28 percent (12.5 percent and 15.5 percent) should be used. Second, as the two injuries became permanent and stationary at the same time the applicant is entitled to benefits calculated at the 1973 rate, which was the time of the second injury.

In *Nuelle* v. *Workers' Comp. Appeals Bd.* (1979) 92 Cal.App.3d 239 [154 Cal.Rptr. 707] [hg. den. July 12, 1979], the applicant there had incurred a combined total (100 percent) permanent disability as the result of two specific injuries she had incurred before the breakpoint of April 1, 1972, and one cumulative injury afterward, all of which were in the same part of her body and became "permanent and stationary at the same time." (*Id.*, at pp. 242-243, 246, 249.) The board similarly apportioned the consequent "indemnity," as opposed to the "permanent disability itself," on the theory that this was required by section 4453.5. (See pp. 245-246.) The arithmetical result reduced the total indemnity to which the applicant was otherwise entitled for the combined disability. (P. 245.)

Rejecting both the theory and the result, the *Nuelle* court (1) cited *Van Voorhis* v. *Workmen's Comp. Appeals Bd.* (1974) 37 Cal.App.3d 81, 87-88 [112 Cal.Rptr. 208], for the proposition that the "date" of a compensable injury, as fixed for purposes of the statute of limitations (§§ 5411-5412) is not necessarily the "time" of its occurrence within the meaning of section 4453.5 (92 Cal.App.3d at pp. 247-248); (2) identified the "time" at which the applicant's "compensable disability" had developed as shown on the record under review (p. 248); (3) pointed out that her situation presented "a case where the interaction between the injuries would make apportionment *of disability* impossible or inequitable" (italics added) and that the complications attending an apportionment of *indemnity* in that situation were such that section 3202 commanded a liberal construction of the "relevant statutes" in the interests of the affected worker (pp. 248-249); and (4) reached the holding that the applicant was "entitled to benefits at the rate applicable at the time the last injury giving rise to such benefits occurred." (P. 249.)

The *total* combined permanent disability of the worker in *Nuelle* was greater than applicant's combined disability, the precise sequence of her injuries was somewhat different than the one he experienced, and the *Nuelle* court ostensibly qualified its holding by isolating it to "the particular circumstances shown to exist" in that case. (*Nuelle* v. *Workers' Comp. Appeals Bd.*, *supra*, 92 Cal.App.3d 239 at p. 249.) None of these factors warrants any deviation from that holding in the otherwise indistinguishable situation shown here, and we deem it controlling. Applicant is accordingly entitled to receive "benefits at the rate applicable at the time the last injury giving rise to such benefits occurred."

Section 4453.5 offers no indication that the Legislature intended its language to authorize such departure from the scheduling statutes where

a "combined permanent disability" results from multiple industrial injuries which have become permanent and stationary at the same time. In sum, section 4453.5 does not affect the indemnity scheduled for applicant's 28 percent permanent disability because it is not to be construed as compelling a procedure the scheduling statutes do not permit. A contrary interpretation is precluded by the interpretive canon that " 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' " (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *Eckl* v. *Davis* (1975) 51 Cal.App.3d 831, 848-849 [124 Cal.Rptr. 685].)

Any application of section 4453.5 to the present situation may also be ruled out by a liberal interpretation of its language which limits the calculation of "benefits payable on account of *an* injury" to the compensation rates in effect when "*the* injury . . . occurred." Applicant has a single combined permanent disability caused by two injuries which became permanent and stationary at the same time. The indemnity payments due him may accordingly be deemed "benefits payable on account of *a disability* caused by *injuries*," which means that they are not "benefits payable on account of *an* injury" within the meaning of section 4453.5. The latter interpretation of the section's meaning is strict in the sense that it is literal, but it is more liberal than the board's construction because it operates in favor of applicant by eliminating the section and its rate-freezing effect from consideration. It is to be applied for that reason alone. (Lab. Code, § 3202; *Nuelle* v. *Workers' Comp. Appeals Bd., supra,* 92 Cal.App.3d 239 at p. 249.) For all the reasons cited, section 4453.5 neither commands nor permits an apportionment of the indemnity to which applicant is entitled.

The award is annulled. The case is remanded to the Workers' Compensation Appeals Board with directions to grant applicant permanent disability benefits based upon a combined permanent disability of 28 percent and otherwise consistent with the views expressed in this opinion.

Rattigan, J., and Poché, J., concurred.

The petition of respondent State Compensation Insurance Fund for a hearing by the Supreme Court was denied September 20, 1979.