[No. H004783. Sixth Dist. Feb. 24, 1989.]

FREMONT INDEMNITY COMPANY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, KEITH C.
McMULLEN et al., Respondents.

**COUNSEL**

Haworth, Bradshaw & Chaney and Michael M. Bradshaw for Petitioner.

Young, Smith & Davis and Kathleen E. Smith for Respondents.

## OPINION

**CAPACCIOLI, J.**—In this case we are asked to decide which insurance carrier is liable for an increased rate of permanent disability indemnity when the Workers' Compensation Appeals Board (board) finds a combined disability based on several injuries that straddle a rate change. We find that the insurance carrier for each injury is liable for its total percentage of liability found, and accordingly annul the board's decisions in these matters.

### FACTS AND PROCEDURAL HISTORY

Applicant was employed as a working carpenter foreman by Lew Jones Construction Company (Lew Jones) from 1965 through January 1984. During that time he sustained several industrial injuries to his back and neck, and filed a number of separate applications for workers' compensation benefits. Lew Jones was insured for purposes of workers' compensation by Argonaut Insurance Company (Argonaut) through December 31, 1981, by Allianz Insurance Company in 1982, and by Fremont Indemnity (Fremont) from January 1, 1983, through applicant's last day of employment with Lew Jones.

One of the applications, case number SJ 74448, resulted in a stipulated permanent disability award against Argonaut in July 1981 of 28¾ percent, payable at the rate of $70 per week. Other cases were dismissed at that time in consideration for this stipulated award.

In 1987, a consolidated hearing was held on nine other cases along with a petition to reopen SJ 74448, and the workers' compensation judge (WCJ) issued a joint findings and award. All parties petitioned for reconsideration. In his recommendation on the petitions, the WCJ requested that the petitions be granted and the files returned to him in order to correct numerous errors. The board granted reconsideration and returned all 10 cases to the WCJ for further consideration.

A new joint findings and award issued in October 1987. "Take nothing" orders were issued in five of the cases. Good cause to reopen SJ 74448 was found based on increased disability, and disability was found in two other applications where Argonaut had liability, case numbers SJ 82358 and SJ 86724. Case number SJ 86724 alleged a specific injury to applicant's neck and back in February 1981 and case number SJ 82358 alleged a similar injury in November 1981. In the last two applications, case numbers SJ 95215 and SJ 99976, disability was also found for which Fremont had liability. Case number SJ 95215 alleged a cumulative injury to applicant's

back from 1965 through January 1984, and case number SJ 99976 alleged a specific injury to applicant's back in August 1983. A joint award of 51½ percent permanent disability was given based on these five cases of which 19 percent was attributed to the injuries for which Fremont had liability and 81 percent to injuries for which Argonaut had liability. Applicant's permanent disability indemnity rate was found to be $140 per week and Argonaut was ordered to pay applicant at the rate of $87.50 per week as its pro rata share of the total award. Argonaut was given credit for amounts paid to applicant based on the previous stipulated award in SJ 74448.

Argonaut filed a petition for reconsideration arguing the rate at which it was ordered to pay applicant was too high. Fremont did not petition on its two cases. The board granted Argonaut's petition and issued a notice of intention to reopen Fremont's cases as it did not feel that the problem Argonaut was complaining about could be dealt with equitably any other way. Fremont filed an objection to the reopening of its cases. However, in its opinion and decision after reconsideration, the board rescinded the WCJ's joint findings and award and issued a new findings of fact and joint award in both the Argonaut and Fremont cases. In essence, the board found that although Argonaut was liable for 81 percent of McMullen's disability, it only had to pay one-half the award because it was only required to pay disability at the rate of $70 per week which was the rate that was in effect at the time of the injuries Argonaut had liability.

Fremont petitioned for reconsideration after reconsideration. In its opinion and order denying reconsideration, the board indicated that Argonaut would pay the entire award at $140 per week but that Fremont was required to indemnify Argonaut for half that amount for 81 percent of the award and the entire amount for the last 19 percent of the award. In its timely petition to this court, Fremont argued that Argonaut should be held to the increased permanent disability rate as it is escaping liability for a portion of its responsibility because of the change in weekly permanent disability rates.

## DISCUSSION

Historically in workers' compensation, separate injuries were rated separately for permanent disability. However, recently a rule has developed that, when certain criteria are met, separate injuries may be combined together for one overall permanent disability rating. (*Wilkinson* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491 [138 Cal.Rptr. 696, 564 P.2d 848].) This gives an injured worker a greater overall permanent disability rating and award than he would have received had the injuries been rated separately. The *Wilkinson* doctrine was used to find one permanent disability to

applicant here based on these five separate applications for benefits. Although Argonaut argues that the *Wilkinson* doctrine does not apply in this case, the board's decision on that issue is final.

■■ ■■ When separate injuries which are used to award a combined disability straddle a rate change such as the one that became effective January 1, 1984, the applicant is "entitled to benefits at the rate applicable at the time the last injury giving rise to such benefits occurred." (*Nuelle* v. *Workers' Comp. Appeals Bd.* (1979) 92 Cal.App.3d 239, 249 [154 Cal.Rptr. 707].) **(3a)** The issue here is: when the injuries also involve different insurance carriers, should the carrier liable for benefits based on injuries that occurred before the rate change have to pay benefits at the increased rate on the disability that occurred after the rate change. In this case, the board decided that it should not be. Fremont, the later insurer here, argues that the board has made Fremont liable to pay a portion of a judgment against another insurer.

■■ Argonaut argues that it is liable only for indemnity at the rate of $70 per week, and cites Labor Code section 4453.5 which states: "Benefits payable on account of an injury shall not be affected by a subsequent statutory change in amounts of indemnity payable under this division, and shall be continued as authorized, and in the amounts provided for, by the law in effect at the time the injury giving rise to the right to such benefits occurred." However, this section does not apply when a combined permanent disability rating has been found under the *Wilkinson* doctrine. (*Taylor* v. *Workers' Comp. Appeals Bd.* (1979) 95 Cal.App.3d 139 [156 Cal.Rptr. 906].)

If Argonaut were the only insurance carrier involved in these five cases, there is no question that it would be liable for all of applicant's award, even though it is to be paid at a higher rate than what was in effect during several of the injuries. This is because the indemnity payments due applicant are deemed benefits payable on account of a disability caused by injuries and not benefits payable on account of an injury. (See, *Taylor, supra,* 95 Cal.App.3d at p. 150.) ■■ The board found the injuries that occurred while Argonaut was the carrier caused 81 percent of applicant's permanent disability. It follows logically that Argonaut is liable for 81 percent of the indemnity payments payable on account of that disability, even though Argonaut is paying indemnity at a higher rate than what was in effect at the time of the earlier injuries. (See, *Nuelle, supra,* 92 Cal.App.3d at p. 249.)

The decisions of the Workers' Compensation Appeals Board are annulled. The cases are remanded to the board with directions to award

permanent disability indemnity to applicant consistent with the views expressed in this opinion.

Agliano, P. J., and Elia, J., concurred.